# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**William G. Henry,**
**Claimant Below, Petitioner**

**v.)**     **No. 25-886**     (JCN: 2024020158)
(ICA No. 25-ICA-136)

**City of Wheeling,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William G. Henry appeals the October 24, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Henry v. City of Wheeling*, No. 25-ICA-136, 2025 WL 2993726 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision). Respondent City of Wheeling ("City") filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the March 3, 2025, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the order of the claim administrator rejecting the occupational pneumoconiosis ("OP") claim on a non-medical basis. On April 27, 2024, the claim administrator found that the claimant did not meet the eligibility requirements for OP benefits because he was not exposed to hazardous levels of dust for two continuous years during the ten years or any five years during the fifteen years immediately preceding the date of last exposure in 2017. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant asserts that Neal F. Aulick, M.D., found parenchymal and pleural changes in the lungs consistent with OP. Based upon pulmonary function testing, Dr. Aulick stated that the claimant had 30% pulmonary impairment overall and 25% pulmonary impairment attributable to OP. Therefore, the claimant argues that this Court should reverse the Board of Review and the ICA and accept this OP claim on a non-medical basis. The employer counters by arguing that in his report, Dr. Aulik referenced the claimant's time working at a foundry from 1972 to 1993. The Board of Review properly concluded that the evidence did not show that the claimant was exposed to hazardous levels of dust during his employment with the City from 1998 to 2017. Therefore, the City argues that pursuant to West Virginia Code § 23-4-1(b), the Board of Review, as affirmed

---

[1] The claimant appears by counsel J. Thomas Greene Jr. and T. Colin Greene, and the employer appears by counsel Aimee M. Stern.

by the ICA, did not err in affirming the rejection of the claimant's OP claim on a non-medical basis.[2]

The Board of Review affirmed the rejection of the OP claim on a non-medical basis, finding that the claimant's testimony did not establish that he was exposed to hazardous levels of dust during his employment with the City. In *Henry v. City of Wheeling*, No. 25-ICA-136, 2025 WL 2993726 (W. Va. Ct. App. Oct. 24, 2025) (memorandum decision), the ICA affirmed, concluding that the Board of Review was not clearly wrong in affirming the claim's rejection on the basis that the claimant did not meet the eligibility requirements for OP benefits set forth in West Virginia Code § 23-4-1(b). *Id.* at *3; *see Williamson v. Kanawha Stone Co., Inc.*, No. 22-0282, 2023 WL 6906253, at *2 (W. Va. Oct. 19, 2023) (memorandum decision) (affirming the rejection of an OP claim on a non-medical basis where the Office of Judges found that the claimant's uncorroborated testimony did not establish that he was exposed to levels of dust sufficient to satisfy eligibility requirements). As the Board of Review was the finder of fact in this case, the Board had the exclusive responsibility to weigh the evidence and judge the credibility of witnesses. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995).

While this Court reviews questions of law de novo, we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**


**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton

---

[2] West Virginia Code § 23-4-1(b) provides, in pertinent part, that:

> compensation is not payable for the disease of [OP] . . . unless the employee has been exposed to the hazards of [OP] in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

*See* Syl. Pt. 1, *Meadows v. Workmen's Comp. Comm'r*, 157 W. Va. 140, 198 S.E.2d 137 (1973) ("[A] 'hazard,' as contemplated by [West Virginia Code § 23-4-1(b)], as amended, exists in any work environment where it can be demonstrated that there are minute particles of dust in *abnormal* quantities.") (emphasis added).

Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III